McAdam, Ch. J.
This action is for rent of certain premises for the month of October, 1886. The rent by the terms of the demise was payable in advance, so that the rent claimed became due October 1, 1886. The defense is eviction, but the tenant remained in possession of the premises until October 6 or 7, six or seven days after the rent claimed fell due. We hold that the facts proved in defense do not constitute an eviction at common law. The acts complained of were not committed by the landlord. Indeed, he was as powerless to prevent them as the defendant. Besides, it has been held that to render an eviction a valid defense against the landlord’s claim for rent, it must take place before the rent falls due. Giles v. Comstock, 4 N. Y., 270. The eviction was not complete until the tenant moved out, and the cause of action had accrued before he vacated the demised premises.
The act of 1860 (chap. 345) is for the same reason, if no *396 other, inapplicable. This statute provides that the lessee of a building destroyed or rendered untenantable by any cause without his fault or negligence, shall not be hable for rent thereafter, and may surrender possession, etc. The termination of the tenancy is at the option of the tenant. If he elects to avail himself of the provisions of the act, it by necessary implication imposes as a condition the surrender of the premises. He cannot retain possession and thus have the benefit of the lease, and at the same time repudiate its obligations. Johnson v. Oppenheim, 55 N. Y., 280. Hot having surrendered possession of the premises before the rent claimed accrued, the statute cited furnishes the tenant no defense to the present action. Whether it would operate as a. defense to any future action for a subsequent installment on the same lease, is a question we are not called upon to decide.
Upon the present record, we think the trial judge was justified in directing a verdict for the plaintiff, and the judgment entered on such direction must be affirmed, with costs.
Ehrlich, J., concurs.